**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

────────────

**No. 24-6333**

────────────

NATHANIEL WILLIAMS,

　　　　　Plaintiff - Appellant,

　　　v.

YES CARE CORP.; SARAH JOHNSON, RN; DR. CLEM, M.D.; DR. METERA, M.D.; DR. RAAB, M.D.; STEPHANIE CYRAN, RN,

　　　　　Defendants - Appellees.

────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Lydia Kay Griggsby, District Judge.  (1:23-cv-00166-LKG)

────────────

Submitted:  August 27, 2024　　　　　　　　Decided:  August 30, 2024

────────────

Before KING and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

────────────

Remanded by unpublished per curiam opinion.

────────────

Nathaniel Williams, Appellant Pro Se.  Megan Trocki Mantzavinos, MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C., Towson, Maryland, for Appellees.

────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathaniel Williams seeks to appeal the district court's order dismissing his amended 42 U.S.C. § 1983 complaint.  In civil actions, parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).  "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on February 13, 2024, and the appeal period expired on March 14, 2024.  Williams' notice of appeal was dated March 31, 2024, and postmarked April 6, 2024.[*]  As a result, his appeal is untimely.

However, Williams stated in his notice of appeal that he did not receive the court's order until sometime in March 2024.  Accordingly, we remand for the district court to determine whether Williams timely noted an appeal or filed a meritorious Rule 4(a)(5) or Rule 4(a)(6) motion.  The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*

---

[*] For the purpose of this appeal, we assume that the postmark date appearing on the envelope containing the notice of appeal is the earliest date that Williams could have delivered the notice to prison officials for mailing to the court.  Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).